IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HERMAN L. PRICE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:05-CV-471 (DF) |
| | : | |
| GREENMAN TECHNOLOGIES OF GEORGIA, INC. and STEVEN ADAMS, individually and in his capacity as Assistant Plant Manager, | : : : : | |
| | : | |
| Defendants. | : | |

# O R D E R

Plaintiff filed a complaint with this Court on December 28, 2005. (Compl., doc. 1.) After attempting unsuccessfully to serve Defendants Greenman Technologies and Steven Adams within the 120-day deadline set forth in Federal Rule of Civil Procedure 4(m), Plaintiff requested, and received, an extension of time to effect service. *See* Order, May 10, 2006. The Court's May 10 Order gave Plaintiff until May 31, 2006 to perfect service on Defendants. To date, Plaintiff has not properly served Defendants with process. Because Plaintiff did not perfect service on Defendants within 120 days of the filing of the complaint, and failed to perfect

service by the Court-imposed deadline of May 31, 2006, Court must now determine whether to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after making the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed R. Civ. P. 4(m). Notwithstanding the foregoing language, the Eleventh Circuit has held that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

While a court may act on its own initiative to dismiss a party for the plaintiff's failure to comply with Rule 4(m), it must first give the plaintiff notice and opportunity to show cause for his or her failure to perfect service. *See* Fed R. Civ. P. 4(m) (stating that a court shall dismiss an action "on its own initiative" only "after notice to the plaintiff"); *Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985) (same). Recognizing that the failure to comply with Rule 4(m) has

been raised sua sponte, the Court finds that Plaintiff is entitled to a reasonable opportunity to demonstrate the reasons, if any, for his noncompliance with the foregoing rule.

Accordingly, Plaintiff is hereby ordered to **SHOW CAUSE** for his failure to comply with Rule 4(m); otherwise, he faces dismissal of this action. Plaintiff shall have until <u>September 25, 2006</u> to show cause. Plaintiff's failure to timely comply with this order will result in the dismissal of this action without further notice from the Court.

SO ORDERED, this 12th day of September, 2006.

<u>**/s/ Duross Fitzpatrick**</u>
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab