UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HERMAN L. PRICE, : | |
| : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | NO. 5:05-CV-471 (CAR) |
| : | |
| GREENMAN TECHNOLOGIES OF : | |
| GEORGIA, INC., and STEVEN : | |
| ADAMS, individually and in his : | |
| capacity as Assistant Plant Manager, : | |
| : | |
| Defendant. : | |

## ORDER FOR DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 11) as to Defendant Greenman Technologies of Georgia, Inc. For the reasons set forth below, Plaintiff's Motion is **GRANTED,** and default judgment shall be entered in favor of **PLAINTIFF** and against Defendant Greenman.

## PROCEDURAL HISTORY

This case arises from the alleged wrongful termination of Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2000). Plaintiff Herman L. Price brought suit, on December 2, 2005, against his former employer, Defendant Greenman Technologies of Georgia ("Greenman"), and his former supervisor, Defendant Steven Adams, alleging race was a motivating factor in the decision to terminate his employment. Defendant Greenman was properly served with a summons and Complaint on May 30, 2006; however, Defendant Greenman never filed a responsive pleading. Accordingly,

Plaintiff contemporaneously moved for entry of default and default judgment on October 13, 2006. The clerk then recorded an entry of default as to Defendant Greenman on October 16, 2006, and an evidentiary hearing on Plaintiff's Motion was held before this Court on September 12, 2007.

## DEFAULT JUDGMENT STANDARD

Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default. See Fed. R. Civ. P. 55(a). Plaintiff has satisfied this requirement: The clerk's entry of default as to Defendant Greenman was entered on October 13, 2006. After entry of default, a plaintiff is required to seek default judgment from the Court. Fed. R. Civ. P. 55(b)(2) ("[T]he party entitled to a judgment by default shall apply to the court therefor.").

The mere entry of default by the clerk does not automatically warrant the entry of a default judgment. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1987). Although all facts alleged in the complaint are deemed admitted when default is entered, a plaintiff's conclusions of law are not. Id. A court must accept these facts as true and determine whether they state a claim upon which relief may be granted. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370, n.41 (11th Cir. 1987). Once a court determines that default judgment should be entered, the court must then determine the amount and character of the recovery for which a sufficient basis is asserted in the complaint. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

## FACTS

Based on Plaintiff's testimony and Declaration (Doc. 16) presented at the evidentiary hearing and the facts alleged in the Complaint, the Court finds as follows. Plaintiff, an

African-American male, began working as a laborer with Defendant Greenman on January 23, 1995. At some point thereafter, Plaintiff was promoted to the position of Supervisor. Plaintiff enjoyed a good working relationship with Defendant Adams, and from all accounts Defendant Adams was pleased with Plaintiff's work.

At some time prior to August of 2005, Steven Strickland, an Caucasian employee under Plaintiff's supervision, began questioning Plaintiff's authority as supervisor. According to Plaintiff, Strickland made it clear that he wanted to be promoted to the supervisor position regardless of seniority. As a result, Strickland repeatedly complained to Defendant Adams about Plaintiff's performance. Plaintiff was also informed by a fellow employee that Steven Strickland stated Defendant Adams was looking for a reason to fire Plaintiff. Plaintiff was later reprimanded by Defendant Adams for detailing his personal vehicle on the job despite the fact that it was a common practice for employees to detail and work on their personal vehicles at work from time to time. Plaintiff did not report to work August 7, 2005 through August 9, 2005, as he was not scheduled to work. Upon return, Defendant Adams reprimanded Plaintiff for failing to report for work when scheduled. Even though the work calendar clearly indicated that the supervisor of Shift B, not Plaintiff, was scheduled, Defendant Greenman terminated Plaintiff's employment. Steven Strickland was then promoted to supervisor as Plaintiff's replacement. Plaintiff alleges he was discharged due to his race in violation of Title VII.

## DISCUSSION

In an action alleging wrongful termination Title VII, a plaintiff must prove an intentional discriminatory motive by presenting either direct or circumstantial evidence. <u>U.S. Postal Serv.</u>

Bd. of Governors v. Aikens, 460 U.S. 711, 714 n.3 (1983). Absent direct evidence of discrimination, as is the case here, a plaintiff must establish intentional discrimination under the burden-shifting paradigm set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Initially, the plaintiff must prove a prima facie case of discrimination by a preponderance of the evidence. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). In order to establish a prima facie case of discrimination with circumstantial evidence, the plaintiff must show: (1) he belongs to a racial minority; (2) he was subjected to an adverse employment action; (3) either he was replaced by a person outside his protected class or a similarly situated employee outside his category was treated more favorably, and; (4) he was qualified to perform his job. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Provided the plaintiff makes out a prima facie case, the defendant must then produce a legitimate, non-discriminatory reason to explain the challenged action. Burdine, 450 U.S. at 252-53. Finally, should the defendant carry this burden, the plaintiff must show by a preponderance of the evidence that the defendant's proffered explanation was a pretext for discrimination. Id.

Here, based on the facts alleged in the Complaint, Plaintiff can establish a prima facie case: (1) Plaintiff is an African-American; (2) Plaintiff was fired; (3) Plaintiff was replaced by a Caucasian; and (4) Plaintiff was qualified to preform his job. Next, at the time of Plaintiff's termination, Defendants contended Plaintiff's was fired because he failed to report for work, Defendants successfully present a legitimate, non-discriminatory reason for terminating Plaintiff's employment. Finally, however, because Plaintiff has provided the Court with evidence that clearly shows Plaintiff was not scheduled to work on the days Defendants allege he

failed to report to work, Defendants' proffered reason was in reality a pretext for discrimination. Thus, based on the facts alleged in the Complaint and the evidence presented to the Court, the Court finds a sufficient basis for judgment to be entered in Plaintiff's favor against Defendant Greenman.

Having concluded that Plaintiff is entitled to default judgment, the Court now turns its attention to the relief requested by Plaintiffs. Plaintiff seeks to recover $43,806.13 in back pay damages. Plaintiff arrived at this amount by subtracting the compensation he earned since his termination from his previous annual salary at Greenman. As a Title VII plaintiff is entitled to recover for the economic loss due to his or her wrongful termination, 42 U.S.C. § 2000e-5(g)(1) (2000), the Court finds an award of back pay in the amount of $43,806.13 appropriate.

In addition, Plaintiff alleges $15,000 in compensatory damages for mental anguish and loss of enjoyment of life. Title VII provides that a party may recover compensatory damages only upon a showing that the defendant engaged in a discriminatory practice with malice or reckless indifference. 42 U.S.C. § 1981A (b)(1) (2000). Based on the facts alleged in the Complaint and the evidence submitted to the Court during the evidentiary hearing, the Court finds Defendant acted with malice or reckless indifference, and Plaintiff is entitled to an award of compensatory damages in the amount of $15, 000.

Plaintiff also seeks to recover $5,325.00 in attorney's fees and costs in accordance with 42 U.S.C. § 2000e-5(k) (2000). This section provides that a district court, in its discretion, may award the prevailing party in a Title VII wrongful termination case reasonable attorney's fees as part of costs. Id. Plaintiff provides documentation showing he has incurred $5000.00 in attorney's fees, $250.00 in filing fees, and $75.00 in service fees. After reviewing the relevant

documents, the Court finds an award of $5,325.00 is appropriate for attorney's fees and costs incurred in bringing this action.

## CONCLUSION

For the foregoing reasons, the Court **HEREBY ORDERS** the Clerk of Court to enter default judgment in favor of Plaintiff against Defendant Greenman Technologies of Georgia. The judgment shall provide that Plaintiff recovers $43,806.13 in back pay damages, $15,000.00 in compensatory damages, and $5,325.00 in attorney's fees and costs.

**SO ORDERED** this 18th day of September, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SCS/ssh